286

In the Matter of the Claim of MINNIE COHEN, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.

Third Department, April 25, 1974.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Murray Sylvester* and *Samuel A. Hirshowitz* of counsel), for appellant.

*Vladeck, Elias, Vladeck & Lewis (Sylvan H. Elias* of counsel), for respondent.

KANE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 1973.

Claimant, a medical secretary employed by a hospital five days a week, was discharged on March 2, 1972 when her employer discovered she was working concurrently at another job. She continued in her second job until March 10, 1972 and thereafter filed for and received unemployment insurance benefits from that point until April 25, 1972 when she commenced new employment at another location.

Her discharge from the hospital was protested by her union and, upon submission of the controversy to the New York State Board of Mediation, an arbitrator ruling in her favor that she was not discharged for just cause directed that she " be reinstated to her job without loss of seniority and other rights under the contract. The Employer shall pay to Minnie Cohen $717.50 in full settlement of her claim for wages lost because of the wrongful discharge." The calculation of the sum of $717.50 was based upon earnings she would have received during the period of lost employment from the time of discharge by the employer herein, less the amount earned from the second

employer and the unemployment insurance benefits obtained.

In seeking recovery of the benefits paid to claimant, the appellant Industrial Commissioner contends her award is for back pay. Thus, claimant was not " totally unemployed " during the period she received them and such benefits should be recoverable as within the definition of " retroactive payment of remuneration." (Labor Law, § 597, subd. 4.)

The Unemployment Insurance Appeal Board disagreed and held the payment was not " remuneration " as defined by subdivision 1 of section 517 of the Labor Law since the arbitrator's award was determined by *reducing* her earnings by the amount of unemployment benefits received together with other income and, thus, not within the contemplation of the statute.

The award of the arbitrator was, in fact, a determination of the measure of damages for her wrongful discharge. The amount of the award was calculated by reducing the total amount she would have earned from the hospital by the amount of income obtained from collateral sources. In other words, the arbitrator held she was bound to mitigate her damages. Accordingly, claimant was totally unemployed during the period under review and there was no overpayment.

The decision should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, COOKE and MAIN, JJ., concur.

Decision affirmed, with costs.